ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII
HONOLULU DIVISION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 12 2008

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

UNITED STATES OF AMERICA

v.

JOSEPH IGNACIO ANDRES

CASE # 1:02-CR-00548-001

## MOTION FOR CLARIFICATION OF SENTENCE

**COMES NOW**, defendant Joseph Ignacio Andres, pro se, and asks this Honorable Court to clarify the sentence pronounced in the above-styled case.[1] In support of said motion, defendant shows as follows:

### I. FACTS

On August 4, 2002, defendant Andres was arrested by the Hawaii Police Department for various firearm-related offenses, and investigators referred the case to the Bureau of Alcohol, Tobacco, and Firearms (ATF). Subsequently, the federal government became interested in prosecuting defendant and thereafter the ATF placed a "hold" on him.

On December 18, 2002, defendant's state case was subsumed by the federal government, as he was indicted by a federal grand jury for the aforementioned firearms violations. To the extent defendant Andres was being prosecuted federally, the State of Hawaii dismissed the local charges.

---

[1] This Honorable Court has jurisdiction to clarify its sentencing intent through Rule 36 of the Federal Rules of Criminal Procedure.

On January 14, 2003, defendant Andres was taken into federal custody by the United States Marshall's Office and was transferred to a federal detention center in Honolulu, Hawaii.

On March 8, 2004, this Honorable Court sentenced defendant to a 65-month term of imprisonment, with the understanding that defendant's federal term would commence at the time of sentencing.

On March 12, 2004, just four days after being sentenced by this Court, defendant Andres was taken to the State of Hawaii Circuit Court, and his state probation was revoked for being convicted in federal court of unlawfully possessing a firearm (the instant offense). Circuit Judge Terence Yoshioka ordered this term of imprisonment to run *concurrent* to defendant's 65-month federal term.

On July 7, 2005, defendant was informed by the Records Section at his federal prison that contrary to this Court's intentions, his federal term did *not* commence at the time of sentencing on March 8, 2004. Specifically, the Bureau of Prisons Records Supervisor noted that defendant's Judgment and Commitment Order was not *specific enough* to determine the Court's intent that the federal term commence at the time of sentencing.

To the extent defendant's 65-month federal term was understood by this Honorable Court to have commenced the date he was sentenced for the instant offense on March 8, 2004, defendant's federal term has not been computed in accordance with this Court's intent. As such, defendant now asks this Honorable Court to enter an order which clarifies the Court's intent that his sentence was to commence on the date of sentencing.

## II. ARGUMENT

The Attorney General and district courts have concurrent authority to grant credit for time served in official detention and 18 USC 3585 manifested congressional intent to withdraw Attorney General's exclusive authority. United States v. Benson, 936 F2d 361, reh. en banc, den (8th Cir. 1991). In the case at bar, the Court was under the impression that defendant's

federal term would *"definitely"* begin once he was sentenced federally. ***See*** <u>Sentencing Transcript, Exhibit A, attached, at p.4, lines 5-6</u> ("…whatever I sentence you to, you start getting [federal] credit for that from the time that I sentence you"); and <u>at p.5, lines 7-8</u> ("If I sentence you today, you'll *definitely* get federal credit for it"). Thus, this Honorable Court has the authority and the duty to clarify its sentencing intent.

While it is true that defendant Andres was taken to State Court to resolve a pending probation revocation matter, defendant was supposed to be in the custody of the U.S. Marshalls Service and should have received credit towards his federal term for every day he spent incarcerated from the date of his federal sentencing. <u>Id.</u> And although <u>18 USC 3585</u> prohibits multiple credits for the same period of custody under some circumstances, across-the-board prohibition would lead to illogical results. ***See*** <u>Unites States v. Benefield, 942 F2d 60</u> (1st Cir. 1991). In fact, this Honorable Court addressed this issue at length during the sentencing hearing and even asked the United States Probation Office (USPO) for clarification. The USPO stated:

> **"[H]e also has pending motions to revoke [state probation]. So there may be some time in there that he does not get credit [for] before the motions to revoke kicked in, but that will all be independently reviewed by the BOP.** *As far as credit for after his sentencing date, once he is sentenced here today, that credit should be given for him being in custody*, **because usually they hold him on the federal first, and then make him do the state concurrent, because he is still awaiting his motions to revoke, and they are waiting for sentencing on this case."**   <u>Sent Tr., p.4, lines 10-25.</u>

The Court then reassured defendant that he would get credit from the date of his federal sentencing. Specifically, this Honorable Court stated:

> **"If I sentence you to prison today, you'll definitely get federal credit for it, and the state judge, if the state judge sentences you to prison for some other thing you did that violated state law or state conditions of your release, then that would be up to the state side to figure out if you got double credit on the state side."**   <u>Sent. Tr., p.5, lines 7-12.</u>

Importantly then, the State Circuit Judge ordered defendant's state term to run *concurrently* with the previously imposed 65-month federal term. Hence, the "state side" essentially acquiesced and agreed to defendant Andres getting "double credit on the state side." (**See** State Court Order, Exhibit B, attached.) The State Circuit Court Judge- like Your Honor- was under the impression that defendant's federal sentence had already begun to run once he was sentenced federally.

Ultimately, all parties (including the State of Hawaii) were under the impression that defendant would receive credit for the time he spent in official detention from the date of his federal sentencing.[2] Due to unforeseen circumstances (and B.O.P. computation methods) defendant is not getting credit for approximately 16-months of jail time he spent in official detention after sentencing. Instead of beginning on March 8, 2004, defendant Andres' federal term currently begins on July 7, 2005. (**See** B.O.P. Sentence Computation Sheet, Exhibit D, attached)

If this Honorable Court were aware that defendant's federal term would be construed to have commenced more than a year after sentencing, the Court could have ordered credit from the date of sentencing *explicitly* in its judgment. United States v. Edwards, 960 F2d 278 (2nd Cir. 1992). This Court has the authority and jurisdiction to clarify its sentencing intent through the issuance of an order indicating that defendant's sentence should have begun on the date he was sentenced for the instant offense, to wit, March 8, 2004. In fact, other Courts have resolved analogous situations the very same way. (**See** *United States v. DeLaughter, No. 1:05-CR-00110-001, S. Dist. Ala., (Order, Dated January 7, 2008)*, Exhibit E, attached) This Honorable Court should clarify its sentencing intent- which is clear from the record- that defendant's federal term was to begin on the date of sentencing. Unfortunately, as things currently stand, defendant will serve substantially more time in prison than was envisioned at the time of sentencing.

---

[2] The background of defendant's plea negotiations reveal that defendant was induced to plead guilty and waive substantial rights by the government's determination that he could get credit (towards his federal term) for the time he served for his state probation violation. (**See** Plea Negotiation Letter, Exhibit C, attached) As such, this sentencing credit issue affects defendant's due process rights and could affect the validity of the plea agreement itself. *See* Santobello v. New York, 404 U.S. 257 (1971).

### III. CONCLUSION

The Court- as well as defendant, the government, the United States Probation Office, and the State of Hawaii- was under the impression that defendant Andres would receive credit for the time served since the date of his federal sentencing. Once the defendant obtained a copy of his federal sentence computation sheet, however, it was realized that he was not receiving the jail credits this Honorable Court indicated he would "definitely" get. This Court has the authority and jurisdiction to clarify its sentencing intent through the issuance of an order indicating that defendant's sentence should have begun on the date he was sentenced for the instant offense, to wit, March 8, 2004. In order that defendant will not serve substantially more time incarcerated than this Court envisioned at the time of sentencing, this Court should **GRANT** defendant's request and clarify that his 65 month term of imprisonment was intended by the Court to have begun at the time he was sentenced on March 8, 2004.

**WHEREFORE**, defendant Joseph Ignacio Andres PRAYS this Honorable Court will grant his request and clarify the Order and record to indicate that defendant should receive credit for time spent in detention since his sentencing date, March 8, 2004.

Respectfully Submitted,

*/s/ Joseph Ignacio Andres*

This 8 Day of September, 2008.

Joseph Ignacio Andres
Defendant, pro se.



Joseph Ignacio Andres #89159-022
P.O. Box 7007
Marianna, Florida 32447-7007