IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00548 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING DEFENDANT'S |
| vs. | ) | MOTION FOR CLARIFICATION OF |
| | ) | SENTENCE |
| JOSEPH IGNACIO ANDRES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER REGARDING MOTION FOR CLARIFICATION OF SENTENCE

Defendant Joseph Ignacio Andres requests relief under Rule 36 of the Federal Rules of Criminal Procedure, which authorizes the court to "correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Specifically, he asks that the record be amended to reflect the court's intention to grant credit for his time served, starting from the date of federal sentencing to the day he completed his state sentence, a period of approximately sixteen months.  This is not the proper means of redress, as "Rule 36 is only to be used to make clerical corrections to sentences," United States v Smith, 318 F. Supp. 2d 875, 877 (C.D. Cal. 2004), and not to substantially recalculate the length of a prison term.

This court's involvement in this matter dates back several years.  At the time of federal sentencing, on March 8, 2004, the defendant was facing three pending Motions to Revoke Probation in

state court.  On the record, this court advised Andres that he would receive credit for at least the time he was held in federal custody until his state term commenced.  He was further informed that the Bureau of Prisons and the state court would determine whether he received double credit for time served on his state crimes.  Four days later, the state court sentenced Andres to a 65-month term, recommending that the state sentence run concurrently with the federal sentence.

Upon completing his state term, Andres was informed by the Bureau of Prisons Records Supervisor that this court's Judgment and Commitment Order was not specific enough to determine whether the federal term was intended to commence at the time of this court's sentencing, as opposed to at the conclusion of his state sentence.  Andres asks this court to make clear its intent that he receive credit for time he spent in custody beginning on March 8, 2004.

The credit Andres seeks falls into two categories.  First, 18 U.S.C. § 3585(b) grants criminal defendants credit for prior custody, provided that the time served has not been credited against another sentence.  This court, however, does not have jurisdiction to confer such credit at sentencing.  See United States v. Wilson, 503 U.S. 329, 334 (U.S. 1992).  The Attorney General, acting through the Bureau of Prisons, retains sole authority to calculate credit for time served under § 3585(b).

2

United States v. Peters, 470 F.3d 907, 909 (9th Cir. 2006).

Andres also implies that he is owed credit on his federal term for time served on the later-imposed state sentence. But this court cannot order that the state and federal sentences run concurrently. Under 18 U.S.C. § 3584(a), the court has discretion to make such a determination regarding existing sentences; however, the Ninth Circuit has interpreted this authority as not extending to sentences pending in state court. See United States v. Clayton, 927 F.2d 491, 492 (9th Cir. 1991). The Ninth Circuit has labeled pending state court sentences "nonexistent term[s]" over which a federal court has no jurisdiction. Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2002).

To the extent the Bureau of Prisons Records Supervisor found this court's Criminal Judgment unclear and would like guidance in its calculations, the court notes that its original intent was to recommend that credit be granted from the time of the imposition of the federal sentence, March 8, 2004. The court leaves it to Andres to communicate this statement to the Bureau of Prisons. See 28 CFR § 542.10-542.16 (2008).

If Andres exhausts his administrative remedies, remains dissatisfied, and seeks relief under 28 U.S.C. § 2241, he must address any § 2241 claim to the district court capable of exercising jurisdiction, namely, the district court in the

3

district in which he is incarcerated.  <u>See</u> <u>United States v Smith</u>, 318 F. Supp. 2d 875 (C.D. Cal. 2004).  This court lacks jurisdiction to consider such a claim.

In summary, while stating here its intent, this court is without jurisdiction to amend any sentence or to order any substantive relief.  The most the court can do is state its intent and allow Andres to take this statement to those who have jurisdiction over the calculation of the time he has served.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 30, 2008.



 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

4

United States of America v. Jose Ignacio Andres; Criminal No. 02—00548 SOM; ORDER REGARDING MOTION FOR CLARIFICATION OF SENTENCE.